NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2009-1269

DENNIS J. SOLOMON,

Plaintiff-Appellant,

v.

UNIVERSITY OF SOUTHERN CALIFORNIA,

Defendant-Appellee,

and

EVANS & SUTHERLAND,

Defendant-Appellee,

and

JOHN J. DOLL, Acting Director of the United States Patent and Trademark Office,
UNITED STATES PATENT AND TRADEMARK OFFICE,
and TRADEMARK TRIAL AND APPEAL BOARD,

Defendants-Appellees,

and

MICHAEL MACEDONIA, SCOTT EDELMAN, MR. QUINN,
MR. HAIRSTON, and MR. HOLTZMAN,

Defendants-Appellees.

Appeal from the United States District Court for the District of Columbia in
case no. 07-CV-1811, Judge Emmet G. Sullivan.

ON MOTION

Before MICHEL, Chief Judge, LOURIE and BRYSON, Circuit Judges.

PER CURIAM.

ORDER

Dennis J. Solomon moves for clarification and reconsideration of the court's July 2, 2009 order transferring his appeal to the United States Court of Appeals for the District of Columbia Circuit.

Solomon argues that 28 U.S.C. § 1294 "appears to explicitly return trademark jurisdiction to the Federal Circuit in Section 1338 matters when it excepts 1292(c), 1292(d) and 1295 actions from the jurisdiction of the various circuit courts of appeals." The court disagrees. Section 1294 states that "[e]xcept as provided in sections 1292(c), 1292(d), and 1295 of this title, appeals from reviewable decisions" shall fall within the jurisdiction of the regional circuit courts of appeals. However, section 1295(a)(1) provides that this court does not have jurisdiction over appeals where the district court's jurisdiction arose under section 1338 if the claims are related only to trademark. Thus, even if Solomon is correct that his claim fell within section 1338, section 1295(a)(1) does not provide this court with jurisdiction to decide Solomon's appeal.

While it is true that section 1295(a)(4)(B) gives this court jurisdiction over direct appeals from the Trademark Trial and Appeal Board, section 1295(a)(1) makes clear that the court lacks jurisdiction over appeals from district courts challenging Trademark Trial and Appeal Board decisions. See Williams v. Army, 715 F.2d 1485, 1490 n.5 (Fed. Cir. 1983) (en banc) ("Section 1295(a)(4)(B) provides exclusive jurisdiction, inter alia, of appeals from the Trademark Trial and Appeal Board, which may, nevertheless, be reviewed alternatively by suit in district court and appeal to a regional circuit"). This court cannot expand its jurisdiction to grant Solomon the relief he seeks.

Accordingly,

IT IS ORDERED THAT:

The motion is denied.

FOR THE COURT

NOV 1 0 2009
_____
Date

/s/ Jan Horbaly
_____
Jan Horbaly
Clerk

cc:   Dennis J. Solomon
Brian W. Craver, Esq.
Raymond T. Chen, Esq.
Howard Hogan, Esq.

s17

FILED
U.S. COURT OF APPEALS FOR
THE FEDERAL CIRCUIT

NOV 1 0 2009

JAN HORBALY
CLERK